A. Franklin Mahoney, J.
This proceeding was commenced by an article 78 proceeding to annul a determination of the Superintendent of the New York State Police which denied the petitioner’s application for veterans’ credits on a promotional examination. Respondent moved to dismiss on the ground of untimeliness, but Justice Casey denied said motion, directing that the matter be placed on the nonjury trial calendar for Albany County in order that the issue of petitioner’s residence at the time of his entrance into the military service might be litigated. The matter was tried without a jury at the May Trial Term in Albany County.
Petitioner, a State Trooper, was born July 14, 1943, in the City of New York. In 1951 when petitioner was nine years old, his mother was admitted to the Kings Park Hospital after a nervous breakdown and died in that institution in 1972. In 1959, when petitioner was 16 years old, he and his siblings along with their father, were dispossessed from their apartment in New York City and the father, an alcoholic, disappeared. The petitioner, along with his brother and sister, became temporary wards of Catholic Charities of New York City, which institution contacted a maternal aunt and her husband in Stratford, Connecticut and that couple agreed to take the custody of the three children. Petitioner moved to Stratford, Connecticut in 1959. He remained there until he graduated from high school and, on June 29,1961, enlisted in the United States Navy, giving on his application form the ‘ ‘ home of record at time of entry into active service ” as 161 Bush Court, Stratford, Connecticut.
Section 85 (subd. 1, par. [a]) of the Civil Service Law states as follows: “1. Definitions, (a) The terms ‘veteran’ and ‘ non-disabled veteran ’ mean a member of the armed forces of the United States who served therein in time of war, who was honorably discharged or released under honorable circumstances from such service, who was a resident of this state at the time of entrance into the armed forces of the United States and who is a citizen and resident thereof at the time of application for appointment or promotion or at the time of retention, as the case may be.” Respondent Kirwan determined that the petitioner was not ‘ ‘ a resident of this state at the time of entrance into the armed forces of the United States”, For that reason he reached the conclusion which is under attack by the petitioner herein.
From all of the above it can be concluded that petitioner’s father abandoned him in 1959 and by reason thereof lost his *556 joint right of custody. However, since both parents have an equal right to custody, it does not follow that the hospitalization of the mother deprived her of custody and of the concomitant right to give to her children the same domicile possessed by her. In the absence of a father a child resides with his mother in the contemplation of the law, even though he lives elsewhere, until otherwise disposed of by competent authority. If that were not so, a child could have no domicile for an infant cannot choose a residence. Our courts have consistently held that at the death or abandonment by a father the domicile of the mother automatically becomes the domicile of the infant. In Matter of Thorne (240 N. Y. 444, 448) Judge Pound said: “ When a father dies [abandons a child] [1] the mother becomes the head of the family. She succeeds to his rights and duties. She may determine where the infant may live. His domicile automatically in legal contemplation attaches to hers. This right rests not on the actual custody of the child but on the right of the mother, the matria potestas.” The marriage that gave birth to the petitioner was never dissolved by divorce or annulment or was there ever an order of any court of competent jurisdiction changing the domicile of the petitioner. The maternal aunt and uncle had temporary custody of the petitioner herein while his mother was hospitalized and, absent any court order changing the infant’s domicile, it remained in the State of New York, the domicile of the hospitalized mother. Certainly, it cannot be argued that if the mother had been well enough to leave the hospital in June of 1961, when the petitioner enlisted, that the domicile of the petitioner would not be the domicile of the mother. Next, when the petitioner left the Navy he returned to reside in New York City where his mother was still hospitalized. The fact that she was too ill to exercise her parental rights did not transfer those rights to the maternal aunt and uncle in Connecticut, 'albeit, the aunt and uncle acted in the most exemplary and thoughtful and kindly fashion toward the petitioner in providing him with a temporary home for a period of approximately two years.
In my view, when the father abandoned the petitioner the domicile of the mother automatically became the domicile of the infant, even though the infant temporarily resided elsewhere. His domicile and ‘ ‘ residence ’ ’, within the meaning of the phrase “ was a resident of this state ” in section 85 (subd. 1, par. [a]) of the Civil .Service Law, was that of his mother in New York City. For that reason, the respondent cannot deny to petitioner *557 the constitutional preference accorded certain veterans pursuant to the command of section 6 of article V of the Constitution of the State of New York.
Judgment annulling and rescinding the determination of respondent Kirwan denying petitioner’s application for veterans’ credits is granted. Respondent Kirwan is directed: (1) to credit petitioner with said veterans’ credits and (2) to place petitioner on the eligible list for promotion to the position of sergeant in the New York State Police in accordance with his amended final rating on the sergeant examination.

. “ abandons ” inserted by the court.